Matter of Baby Girl M. (Cintrea M.) (2025 NY Slip Op 02725)

Matter of Baby Girl M. (Cintrea M.)

2025 NY Slip Op 02725

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Docket No. N-06252-54/21, N-17010/21, V-26384-87/22|Appeal No. 4293-4293A-4293B|Case No. 2024-03945 2024-04955|

[*1]In the Matter of Baby Girl M. and Others, Children Under Eighteen Years of Age, etc., Cintrea M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.
In the Matter of Derrick A., Petitioner-Respondent,
Cintrea M., Respondent-Appellant.

Larry Bachner, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for Administration for Children's Services, respondent.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for Derrick A., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Appeal from orders, Family Court, Bronx County (Ashley B. Black, J.), entered on or about December 6, 2022, which temporarily removed the subject children from respondent mother and placed them in the custody of the Commissioner of Social Services, unanimously dismissed, without costs, as moot. Appeal from order, same court and Judge, entered on or about September 11, 2023, which, upon the mother's default, awarded final custody of the subject children to petitioner father, unanimously dismissed, without costs, as taken from a nonappealable order.
Upon review of the record, we agree with the mother's assigned counsel that the mother's appeal from the temporary removal orders is rendered moot by the fact that the orders expired and were superseded by subsequent orders, which temporarily released the children to the father under ACS supervision, then released the children to the father without further ACS supervision, and then awarded the father final custody of the children (see Matter of T.R. [Jaquasia G.], 227 AD3d 530 [1st Dept 2024]; Matter of Crystal G. v Marquis E., 170 AD3d 557, 557-558 [1st Dept 2019]).
We also agree that the final custody order is nonappealable, as it was entered upon the mother's default at the fact-finding hearing (see Matter of Aminata S. v Ndongo D., 230 AD3d 1078 [1st Dept 2024]). Although the mother moved to vacate the default, she did not appeal from the order denying her motion.
As this Court has determined that the mothers' appeals are moot or taken from a nonappealable order, the application by the mother's assigned counsel to withdraw is granted. As such, we do not reach the issue raised by counsel pertaining to the existence of nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]), and instead sua sponte relieve counsel from representation of the mother, as his representation on this appeal has been rendered moot by virtue of this order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025